# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **BRIAN K. CHISOLM** | * | **CIVIL ACTION NO. 06-0739** |
| **VERSUS** | * | **JUDGE JAMES** |
| **WARDEN JOHNNY SUMLIN,** *ET AL.* | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING[1]

Before the undersigned Magistrate Judge, on reference from the District Court, are a Motion to Stay, a Motion for Appointment of Counsel, and a Motion to Remand filed by *pro se* plaintiff Brian Chisolm ("Chisolm"). Defendants Johnny Sumlin ("Sumlin"), Richard Brazzel ("Brazzel"), and Jackie Ellison ("Ellison") (collectively "Defendants") have not filed an opposition. For reasons stated below, Chisolm's motions are **DENIED**.

## BACKGROUND

Chisolm is an inmate in the custody of Louisiana's Department of Public Safety and Corrections, and is presently proceeding *in forma pauperis*. Chisolm's claims against Defendants stem from his incarceration at Union Parish Detention Center ("UPDC"), where he alleges Defendants deprived him of property without due process, violated his rights under the Free Exercise Clause of the state and federal constitutions, and committed various other constitutional violations. In addition to damages, Chisolm seeks declaratory and injunctive relief.

Request for Stay or Remand

Chisolm's present motion purports to request a stay, appointment of counsel, or, in the

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

alternative, remand to state court; however, the motion focuses solely on the propriety of appointing counsel and fails to raise any argument regarding a stay or remand. The undersigned is unable to discern any reason why these proceedings should be stayed, nor does it appear that removal pursuant to 28 U.S.C. § 1441(b) was improper. Therefore, Chisolm's motion to stay and remand are hereby **DENIED.**

Appointment of Counsel

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff.

In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. § 1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." *See Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: (1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate his case; (3) the presence of evidence

which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and (4) the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." *See Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (citing *Murphy v. Kellar*, 950 F.2d 290, 293 n.14; *see also Jackson,* 864 F.2d at 1242; *Ulmer*, 691 F.2d at 213. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d at 1242; *Ulmer*, 691 F.2d at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint setting forth his cause of action against Defendants, as well as several other motions, including an opposition to Defendants' motion to dismiss. No special legal knowledge is required of plaintiff herein. Additionally, plaintiff has first hand knowledge of the facts which form the basis of this action. The claim is not atypical of those often asserted in civil rights litigation and is not complex. Finally, plaintiff has failed to demonstrate that he has exhausted all attempts to procure counsel on his own behalf, and has merely stated, without contacting any attorneys, that he is unable to afford counsel.

Accordingly, plaintiff's request for appointment of counsel is **DENIED** as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel.

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\1983\06-0739.053106.ro.klh.fm

3