# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **BRIAN K. CHISOLM** | * | **CIVIL ACTION NO. 06-0739** |
| **VERSUS** | * | **JUDGE JAMES** |
| **WARDEN JOHNNY SUMLIN,** *ET AL.* | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss filed by defendants Johnny Sumlin ("Sumlin"), Richard Brazzel ("Brazzel"), and Jackie Ellison ("Ellison") (collectively "Defendants"). [Doc. No. 1]. *Pro se* plaintiff Brian Chisolm ("Chilsolm") opposes the motion. [Doc. No. 10]. For reasons stated below, it is recommended that Defendants' motion to dismiss be **GRANTED, that Plaintiff's federal and state law claims for injunctive and declaratory relief be DISMISSED as MOOT, that his claims for damages due to violations of the Free Exercise Clauses of the federal and state constitutions be DISMISSED with prejudice as frivolous, that his due process claims under section 1983 be DISMISSED with prejudice, and that his state law claims relating to the loss of his property be DISMISSED without prejudice.**

## BACKGROUND

Chisolm filed suit against Defendants on April 25, 2006, in the Third Judicial District Court for the Parish of Union, State of Louisiana, alleging violations of his rights under the Louisiana and United States Constitutions while incarcerated at the Union Parish Detention Center ("UPDC"). Specifically, Chisolm alleged that, while he was detained in a holding cell, Sumlin, UPDC's Warden, and Brazzel, a corrections officer, confiscated his legal books and have since failed to return them, thus depriving him of property without due process of law. Chisolm

also claims that Ellison, UPDC's Kitchen Supervisor, violated his rights under the Free Exercise Clause of the First Amendment by "refusing me a vegetarian tray which is part of my religion diet, which is Islam . . . tr[ying] to feed me pork . . . [and] giving muslim food that was prepared in pots . . . used to cook pork."  Pl.'s Petition, ¶ 1.  In addition to seeking damages under 42 U.S.C. § 1983, Chisolm also sought injunctive and declaratory relief under various federal statutes.

On May 4, 2006, Defendants removed Chisolm's suit to this Court pursuant to 28 U.S.C. § 1441(b), and filed their present motion seeking dismissal under F.R.C.P. Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2).[1]  Defendants list four reasons for dismissal: (1) Chisolm's claims for injunctive and declaratory relief under both state and federal law are moot because, prior to filing suit, he was transferred from UPDC to a different facility; (2) prisons, as a matter of law, are not required to fulfill prisoners' particularized religious dietary requests; (3) UPDC provided Chisolm a meaningful post-deprivation remedy and thus did not deny him due process; and (4) Chisolm failed to exhaust his administrative remedies prior to filing suit.

## LAW AND ANALYSIS

In assessing the merits of a motion to dismiss under Rule 12(b)(6), a court must assume that all factual allegations set forth in the complaint are true, and must construe those facts in the light most favorable to the plaintiff.  *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir 1994).  "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the

---

[1] Title 28, section 1915, which governs claims such as this one filed *in forma pauperis*, provides that a court may dismiss such claims at any time if the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971 (1982), *cert. dismissed*, 462 U.S. 1125 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001) (citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992) (quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *see Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246-7 (5th Cir. 1997).

Claims for Injunctive and Declaratory Relief

Chisolm seeks declaratory relief under 28 U.S.C. §§ 2201, 2202 and injunctive relief under 28 U.S.C. §§ 2283, 2284 and F.R.C.P. Rule 65.[2] In both cases, relief is only appropriate if there is an actual case or controversy, 28 U.S.C. § 2201 ("[i]n a case of actual controversy");

---

[2] As Defendants correctly note, the authority and statutes Chisolm cites in support of his claim for injunctive relief are inapplicable in this case: 28 U.S.C. § 2283 outlines when a federal court may issue an injunction to stay state court proceedings; 28 U.S.C. § 2284 describes the appropriateness of and procedure for three-judge panels; and F.R.C.P. 65 merely outlines the procedural requirements for obtaining an injunction.

*Hainze v. Richards*, 207 F.3d 795, 802 (5th Cir. 2000), or, for purposes of injunctive relief, "a real or immediate threat that [Chisolm] will be wronged again." *See Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997). The Fifth Circuit has repeatedly stated that a prisoner-plaintiff's transfer from a facility at which the alleged wrongs occurred renders his claims for declaratory and injunctive relief moot. *See, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock County*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Chisolm's claims for declaratory and injunctive relief under state law also require that there be an actual case or controversy; that the claims "submitted for adjudication be justiciable, ripe for decision, and not brought prematurely." *St. Charles Parish School Board v. GAF Corp.*, 512 So.2d 1165, 1171 (La. 1987). Transfer from the facility where the alleged wrongs occurred, as under federal law, will render state-law claims for declaratory and injunctive relief moot and thus non-justiciable. *See Richardson v. Reeves*, 600 So.2d 138 (La. App. 2 Cir. 5/13/92).

In this case, it is undisputed that, prior to filing his petition, Chisolm was transferred from UPDC to Forcht-Wade Correctional Center in Keithville, Louisiana, and then to Winn Correctional Center, where he currently resides. Chisolm's claims contain allegations only against the officials at UPDC. Therefore, it is recommended that Chisolm's federal- and state-law claims for declaratory and injunctive relief be **DISMISSED as MOOT.**

Claims for Damages due to Violations of the Free Exercise Clause [3]

The Fifth Circuit has held, generally, that prisons need not respond to a prisoner's

---

[3] Given their use of almost identical language, the undersigned holds that the Louisiana and United States Constitutions are coextensive with respect to protecting the free exercise of religion. *Compare* U.S. Const. amend. I ("Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof."), *with*, La. Const. art. I, § 9 ("No law shall be enacted respecting an establishment of religion or prohibiting the free exercise thereof."). Therefore, Chisolm's federal and state claims will be considered together.

4

particularized religious dietary requests.  *See Kahey v. Jones*, 836 F.2d 948 (5th Cir. 1988); *Udey v. Kastner*, 805 F.2d 1218 (5th Cir. 1986).  The constitutionality of a prison's refusal to accommodate such requests turns on whether the refusal is reasonably related to legitimate penological interests.  *See Kahey*, 836 F.2d at 950 (citing *Turner v. Safley*, 482 U.S. 78 (1987)).  To answer this question, a court must consider the following:

> (1) whether the regulation has a logical connection to the legitimate government interest invoked to justify it, (2) whether there are alternative means of exercising the rights that remain open to the inmates, (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources, and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at *de minimis* costs to valid penological interests.

*McCabe v. Arave*, 827 F.2d 634, 637 (9th Cir. 1987) (citing *Turner*, 482 U.S. at 89-90).  In *Kahey*, the Fifth Circuit applied the above factors and upheld a prison's policy of "denying . . . demand[s] to have the prison prepare, not just a non-pork diet, but a specially-tailored menu in a special way to accommodate [the] . . . practice of Islam."  *Kahey*, 836 F.2d at 949, 950-1.

For many of the same reasons cited in *Kahey*, the undersigned finds that Chisolm has failed to state a claim upon which relief can be granted.  Chisolm's requested diet is nearly identical to that which the prisoner in *Kahey* requested: an exclusively non-pork diet that does not include any food cooked or served on utensils that have come into contact with pork.  *See Kahey*, 836 F.2d at 949.  UPDC's refusal to accommodate this request has a logical connection to its obvious desire to maintain security while at the same time providing the prisoners with nutritious and balanced meals.  Uniformity, in this context, plays a vital role in maintaining this balance.  Furthermore, because Chisolm has not alleged any other restrictions on his free exercise right, it is reasonable to assume that he has access to other available means of exercising his religion.  *See Kahey*, 836 F.2d at 951 (assuming, in the absence of other free exercise complaints,

5

that alternative means of exercise existed).

UPDC's refusal to accommodate Chisolm's request is reasonable given the potential impact that granting him a special diet would have on "guards and other inmates, and on the allocation of prison resources generally." *Turner*, 482 U.S. at 89-90. The Fifth Circuit has repeatedly held that granting individualized requests such as Chisolm's would likely lead to similar requests from other prisoners, thereby straining prison resources, or, worse, to a perception among other prisoners that Chisolm is favored, thereby jeopardizing his safety. *See Adkins v. Kaspar*, 393 F.3d 559, 565 (5th Cir. 2004) (prisoner's request for particular days of rest) *Kahey*, 836 F.2d at 951 (meal requests); *Udey*, 805 F.2d at 1220-1 (meal requests). Finally, there do not appear to be any alternatives to satisfying Chisolm's religious requests at a *de minimis* cost to UPDC's valid penological interests. Chisolm's request that none of his food come into contact with utensils or cookware previously used to prepare pork, no matter how long ago, would require UPDC to set aside substantial resources uniquely for his benefit. Based on an application of the factors listed above, it is recommended that Chisolm's claim for damages due to violations of the Free Exercise Clauses of the federal and state constitutions be **DISMISSED with prejudice.**

Due Process Claims[4][5]

---

[4] In addition to alleging a deprivation of due process in connection with the confiscation of his legal books, Chisolm asserts claims under the Louisiana and United States Constitutions for violations of his right of assembly and petition, his right to judicial review, his right to humane treatment, and his right to access to courts. These additional claims are wholly without merit and should also be dismissed as frivolous.

[5] The due process clause of the Louisiana Constitution, La. Const. art. I, § 2, is coextensive with that of the United States Constitution and provides "the same due process protection." *State v. Smith*, 24-514, p. 7 (La. App. 2 Cir. 2/24/93); 614 So.2d 778, 780. Therefore, Chisolm's federal and state claims alleging denial of due process will be considered together.

Chisolm alleges that he was deprived of property without due process when Sumlin and Brazzel confiscated his legal books and failed to return them. In reviewing prisoners' claims similar to Chisolm's, the Fifth Circuit has stated that "no constitutional claims may be asserted by a plaintiff who was deprived of liberty or property by negligent or intentional conduct of public officials, unless . . . state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 554-5 (5th Cir. 1987); *see also Al-Ra'id v. Ingle*, 69 F.3d 28, 32 (5th Cir. 1995). This remedy may be in the form of an administrative review process, which UPDC utilizes, *see Al-Ra'id*, 69 F.3d at 32, or state tort law that provides a plaintiff with a cause of action. *See Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984).

Chisolm has adequate post-deprivation remedies at his disposal. As he admitted in his complaint, he utilized the first step of UPDC's administrative review process when he filed a written request for an "Administated Remedy Procedure" on February 16, 2006. His request is still pending before UPDC's administration. In addition, pursuant to La. Civ. Code Art. 2315, *et seq.*, Chisolm has the right to sue in state court any person he believes has caused him damage as a result of the loss of his property. La. Civ. Code. Ann. art. 2315; *see Marshall*, 741 F.2d at 764 (finding La. Civ. Code art. 2315 is adequate state remedy to redress loss of prisoner's property). Therefore, given the above remedies, it is recommended that Chisolm's due process claims under section 1983 be **DISMISSED with prejudice, and that his state law claims relating to the loss of his property be DISMISSED without prejudice.**

Conclusion

For the reasons stated above, it is recommended that the Defendants' motion to dismiss be **GRANTED, that Plaintiff's federal and state law claims for injunctive and declaratory relief be DISMISSED as MOOT, that his claims for damages due to violations of the Free**

7

**Exercise Clauses of the federal and state constitutions and for violations of his right of assembly and petition, his right to judicial review, his right to humane treatment, and his right to access to courts under the federal and state constitutions be DISMISSED with prejudice as frivolous, that his due process claims under section 1983 be DISMISSED with prejudice, and that his state law claims relating to the loss of his property be DISMISSED without prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of May, 2006.

H:\1983\06-0739.052306.rr.klh.frm

KAREN L. HAYES
U. S. MAGISTRATE JUDGE